**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 24-14297-CIV-CANNON/MAYNARD**

**DEBORAH HUSKEY,**

     **Plaintiff,**

**v.**

**CFJ PROPERTIES and PILOT TRAVEL**
**CENTERS, LLC,**

     **Defendants.**

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL SURVEILLANCE VIDEO**
**FOOTAGE PRIOR TO PLAINTIFF'S DEPOSITION [DE 37]**

**THIS CAUSE** comes before me upon the above-referenced Motion. The Honorable Aileen M. Cannon, United States District Judge, has referred all pretrial motions related to discovery in this case to me for appropriate disposition. DE 16. I have considered the Motion and related briefing, and the applicable case law. For the following reasons, the Motion is **GRANTED.**

**BACKGROUND**

This is a negligent security case stemming from a February 2, 2022 physical altercation between Plaintiff and an employee of Defendant Pilot Travel Centers, LLC ("Defendant") at a property owned by CFJ Properties. DE 1. Plaintiff contends that while she was on the property as a customer of Pilot, a Pilot employee attacked her and Defendants failed to ensure her safety. The four-count complaint asserts claims for negligent security against both Defendants as well as negligent hiring and supervision against Pilot. *Id.*

Plaintiff seeks an order compelling Defendants to produce surveillance video footage depicting the incident before Plaintiff's scheduled deposition on March 7, 2025. DE 37. Plaintiff

argues that the video is direct evidence of the attack and she would be irreversibly prejudiced if she cannot review the footage before her deposition. *Id.* Defendant counters that the Court should exercise its broad discretion under Rule 26(d) to determine the sequence of discovery and deny Plaintiff's Motion because providing the video to Plaintiff before her deposition would allow her to tailor her testimony to the video and diminish the video's impeachment value. DE 42.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(d)(3) states, "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." "[T]he Court retains the discretion to control the timing of discovery." *Schulte v. NCL (Bahamas) Ltd.*, 2011 WL 256542, *4 (S.D. Fla. Jan. 25, 2011). If a party puts forth particularized facts showing that disclosure of discovery before the opposing party's deposition would lead the deponent to improperly alter or tailor his or her testimony, then a Court may exercise its discretion and order that the discovery need not be disclosed until after the deposition. *See id.* (ordering defendant to provide surveillance video to plaintiff and noting defendant's failure to support its argument that plaintiff's ability to view the footage prior to the deposition would cause her to improperly tailor her deposition testimony).

Federal courts have not always agreed about whether a party may withhold production of surveillance video until after the injured party's deposition. For example, in *Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674 (S.D. Fla. 2012) the Court found that the plaintiff should be required to give her deposition testimony based on her own independent recollection of the incident and allowed the defendant to withhold production of the videos until after the plaintiff's deposition. *See also Hosea v. Target Corp.*, 2020 WL 10320975, at *1 (M.D. Fla. Apr. 14, 2020)

(same).  The majority of cases in the Southern District of Florida, however, have reached the opposite conclusion.  *See, e.g.*, *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp.2d 1373 (S.D. Fla. 2013) (plaintiff was entitled to view video footage depicting the alleged incident prior to her deposition); *Holbourn v. NCL (Bahamas) Ltd.*, 305 F.R.D. 685, 689 (S.D. Fla. 2014) (citing *Muzaffarr* and concluding that defendant should produce the surveillance video prior to plaintiff's deposition); *Jones-Graham v. Advance Stores Co., Inc.*, 2015 WL 4365317 (S.D. Fla. July 14, 2015) (same).  I agree with this district's majority view on this issue and am not persuaded by Defendant's attempt to distinguish between this case as an altercation and the other cases, which are slip and falls.  Here, the surveillance video footage at issue depicts the encounter between Plaintiff and her alleged assailant, which is the basis for the entire case.  Thus, the footage is substantive evidence before it is impeachment evidence.  Further, Defendant has failed to provide any facts indicating Plaintiff would improperly tailor her testimony to the video.  *See Jones-Graham* 2015 WL 4365317 at *2.  Accordingly, Plaintiff's Motion is granted. Defendants shall produce the surveillance video by Thursday, March 6, 2025, so it is available to Plaintiff before her deposition.

I turn next to Plaintiff's request for an award of expenses incurred in connection with the Motion.  As a general matter, when a motion to compel is granted, a court must award the movant its reasonable expenses, including attorney's fees, incurred in making the motion, after giving an opportunity to be heard. But the Court is not to award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii).  Here, although ultimately unsuccessful, I find that Defendant's position was substantially justified in

light of the split of authority.  I therefore find an award of expenses is not warranted in this instance.

     **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of March, 2025.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE